## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SHEILA LAND, Individually and as Guardian  :
of RAB, a minor, and Charles J. Durante, Esq. :
Executor of the Estate of Charles Andre Banks :
                                              :
              Plaintiffs,                     :   C.A. No.:   **07-160** 
                                              :
          v.                                  :   JURY TRIAL OF SIX DEMANDED
                                              :
THE CITY OF DOVER and JOHN DOES 1-5,          :
in their Individual and Official capacities   :
                                              :
              Defendants.                     :



### COMPLAINT

1. This is an action, pursuant to 28 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution 28 U.S.C. § 1332, State law, statutory and common, for damages as the result of the death of Charles Andre Banks on April 17, 2005 at the hands of the Defendants and while in their custody and control.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, 1332 and supplemental jurisdiction over pendent state law claims, pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391.

### THE PARTIES

4. Charles Andre Banks was, at all times relevant hereto, a resident and citizen of the State of New York. He was killed on April 17, 2005 in Dover, Delaware. He was the natural father of Plaintiff RAB ( DOB:       /01) and the natural son of Plaintiff Sheila Land.

5. Sheila Land is a resident and citizen of the State of New York and the mother of Charles Banks. She is the Guardian of RAB the natural son of Charles Andre Banks. Ms. Land has sole custody of RAB and is solely responsible for his support and maintenance.

6. RAB is a resident and citizen of the State of New York and the son of Charles Andre Banks.

7. Charles J. Durante, Esquire is an attorney licensed to practice in the State of Delaware and the Executor of the Estate of Charles Andre Banks.

8. Defendant, City of Dover is a municipal corporation of the State of Delaware, located in Kent County, Delaware. It employed, at all times relevant hereto, John Doe Defendants as Police Officers within the City's Department of Police. The government of the City of Dover is vested in a Mayor and City Council pursuant to its Charter, § 4.

9. Defendant John Does, at the time of Charles Andre Banks' detention and death, were law enforcement officers employed by Defendant the City of Dover the City's Police Department.

## THE FACTS

10. In the afternoon of April 17, 2005 Charles Andre Banks stumbled on foot into the parking lot of Bay Health Medical Center, a hospital in the City of Dover. ( Hospital).

11. He was, inter alia, in acute distress, incoherent, foaming at the mouth, unable to speak, walk or control his actions. He was in obvious need of emergency medical treatment and in a life threatening condition requiring immediate medical care including but not limited to intubation.

12. Medical personnel at the Hospital observed his condition and immediately responded

to the parking lot in order to render immediate and necessary emergency care and treatment.

13. Medical personnel placed Mr. Banks in a wheelchair so he could be taken into the Emergency Room of the Hospital and receive such treatment. The hospital was less than 100 yards from where they found Mr. Banks and assisted him.

14. Mr. Banks was not a threat or danger to the medical personnel or to others and was not acting violently or in a manner that required any restraints.

15. At the time, Mr. Banks was in extreme respiratory distress having consumed PCP ( Phencyclidine) and Marijuana and required immediate medical intervention, including intubation, which medical treatment would have saved his life.

16. Defendant John Does arrived at the Hospital Emergency Room as the Hospital personnel were in the process of taking Mr. Banks into the Hospital so that he could receive medical treatment.

17. Defendant John Does forcibly and violently removed Mr. Banks from possession, care and custody of the medical personnel despite, and over, the repeated and urgent objections of the medical personnel who told the Defendants that he was in dire need of immediate medical intervention and treatment.

18. Defendant John Does ignored the clear and urgent objections of the medical personnel and deliberately prevented Mr. Banks from receiving life-saving treatment.

19. Defendants forcibly and excessively restrained Mr. Banks and threw him into their police vehicle telling the medical personnel at the Hospital that he "was ours now" and that if he needed medical treatment, as the medical personnel were pleading he needed, they would bring him back later to the Hospital.

20. Mr. Banks was taken to the Defendant City Police Station and, because he was

deprived of the necessary and urgent medical treatment, which they knew he needed because they were told he needed such treatment, he went into respiratory failure and was transported by paramedics back to the Hospital where efforts to save him were unsuccessful and too late and he died.

### COUNT ONE- STATE CREATED DANGER DOCTRINE

21. Defendants denied Mr. Banks substantive Due Process under the Fourteenth Amendment to the United States Constitution, in violation of 28 U.S.C. § 1983.

22. The harm to Mr. Banks was foreseeable and fairly direct.

23. Defendants were acting under color of state law and they acted in willful disregard for the safety of Mr. Banks and their conduct shocks the conscience. They did not need to act with urgency in arresting Mr. Banks and taking custody of him. Defendants consciously disregarded a substantial risk that Mr. Banks would be seriously harmed by their actions.

24. There was a relationship between the Defendants, the State and Mr. Banks because he was a foreseeable victim either individually or as a member of a discrete class, i.e., individuals such as Mr. Banks who are known to need urgent and life-saving medical care and are deliberately denied such care.

25. Defendants used their authority to create an opportunity for danger that otherwise would not have existed.

### COUNT TWO-SUBSTANTIVE DUE PROCESS AND LIBERTY INTERESTS
### FAILURE TO PROVIDE MEDICAL CARE

26. Plaintiffs incorporate by reference paragraphs 1-25 and reassert them as if fully set forth herein.

27. Defendants deprived Mr. Banks of substantive due process and his liberty under the Fourteenth Amendment to the United States Constitution in violation of 28 U.S.C. § 1983 by preventing him from receiving known and needed medical care, resulting in, and proximately causing, his death.

**COUNT THREE- FOURTH AMENDMENT- EXCESSIVE FORCE**

28. Plaintiffs reassert paragraphs 1-27 and incorporate them as if fully set forth herein.

29. Defendants' violated Mr. Banks' rights under the Fourth Amendment to the United States Constitution, in breach of 28 U.S.C. § 1983, by using excessive force under the totality of the circumstances.

30. Defendants' seizure of Mr. Banks, which resulted in them preventing, and denying, medical care to Mr. Banks was objectively unreasonable.

31. Mr. Banks posed no immediate threat to the safety of the Defendants or others, he was not actively resisting arrest or attempting to evade arrest, he was not violent or dangerous.

32. Defendant officers used deadly force by preventing Mr. Banks from receiving life-sustaining medical treatment and denied his constitutional rights to life and liberty.

**COUNT FOUR- FOURTH AMENDMENT-UNREASONABLE SEIZURE**

33. Plaintiffs reassert paragraphs 1-32 and incorporate them as if fully set forth herein.

34. Defendants subjected Mr. Banks to an unreasonable seizure in violation of his rights under the Fourth Amendment to the United States Constitution, in breach of 28 U.S.C. § 1983, by lacking probable cause and by lacking exigent circumstances.

## COUNT FIVE- FAILURE TO TRAIN

35. Plaintiffs reassert paragraphs 1-34 and incorporate them as if fully set forth herein

36. Defendant City had a policy or custom that was a moving force behind the unconstitutional actions of its police officers.

37. The training of the Defendant police officers was constitutionally inadequate and the failure of the Defendant City to adequately train said officers amounted to deliberate indifference to the rights of persons such as Mr. Banks with whom they come into contact.

38. The failure of the Defendant officers to provide medical care to Mr. Banks was the result of inadequate training by the Defendant City and the need for more training in such circumstances is obvious as is the likelihood that the inadequate training will, and did, lead to the violation of Mr. Banks' constitutional rights. The Defendant City's policymakers were deliberately indifferent to the need for more or different training.

39. The Defendant City had a policy or custom of taking a person in custody to police headquarters even though it is known, or it is obvious, that he needs medical care and treatment prior to such transportation..

40. Upon information and belief, Defendant policy makers, including the City Council and/or Mayor, had actual or constructive knowledge of prior incidents or conduct where persons in custody who exhibited excited delerium or were under the influence of drugs/alcohol and exhibited behavior requiring medical treatment were denied such treatment or such treatment was delayed pending transportation to the police station. Those incidents were likely to result in future violations of constitutional rights and the failure of Defendant City to train police officers to recognize the need for such treatment constituted tacit approval or deliberate indifference to the need to ensure that medical care is provided, representing a policy or custom of the

Defendant City.

41. Where the need for medical treatment is made known to Defendant City's police officers and they refuse such treatment and actually prevent it, the inadequacy of their training is obvious and so likely to result in a violation of the constitutional rights of the individual in need of such treatment that Defendant City's policy makers' failure to train such officers to permit or obtain medical treatment constituted deliberate indifference to those constitutional rights.

## COUNT SIX- WRONGFUL DEATH AND SURVIVAL

42. Plaintiffs reassert paragraphs 1-41 and incorporate them as if fully set forth herein.

43. Individual Defendants in their individual capacities are liable for the wrongful death of Mr. Banks and for survival claims by his estate, pursuant to 10 Del.C. §§ 3701 et. seq., because their acts, neglect, default, and negligence caused Mr. Banks pain and suffering and caused his death.

44. Individual Defendants acted either beyond the scope of their employment or acted with wanton negligence or wilful or malicious intent in preventing Mr. Banks from receiving medical care and ignoring the pleas or advice of the medical personnel at the Hospital.

45. The constitutional rights of Mr. Banks, which were violated by Defendants, were clearly established. Defendant officers' actions were unlawful in light of clearly established law and the information they possessed at the time they apprehended Mr. Banks and took him from the medical personnel.

46. Defendant officers intentionally inflicted emotional distress upon Mr. Banks and negligently inflicted emotional distress upon him causing him physical injury and death.

**WHEREFORE** Plaintiffs pray that judgment be entered in their favor and that they be awarded damages against the Defendants, jointly and severally, inter alia, compensatory damages, punitive damages against the Individual Defendants, costs and expenses, including attorneys' fees, and be granted such other and further relief as may be just and appropriate.

                            **RICHARD R. WIER, JR., P.A.**

                            _/s/Richard R. Wier Jr._
                            Richard R. Wier, Jr. (#716)
                            Two Mill Road, Suite 200
                            Wilmington, DE 19806
                            (302)888-3222
                            Attorneys for Plaintiffs

Dated: March 21, 2007

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**07-160**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
SHEILA LAND, individually and as Guardian of RAB, a minor, and Charles J. Durante, Esq. Executor of the Estate of Charles Andre Banks

**(b)** County of Residence of First Listed Plaintiff: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number): Richard R. Wier, Jr.
Richard R. Wier, Jr. PA
Two Mill Road - Suite 200
Wilmington DE 19806
(302) 888-3222

### DEFENDANTS
THE CITY OF DOVER and JOHN DOES 1-5 in their individual and official capacities

County of Residence of First Listed Defendant: Kent
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**FILED MAR 21 2007**
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC § 1983
Brief description of cause: Section 1983 action for violation of civil rights by City & police resulting in death

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 3/22/07
SIGNATURE OF ATTORNEY OF RECORD: Richard R. Wier

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **0 7 - 1 6 0**

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF ____6____ COPIES OF AO FORM 85.

_March 21, 2007_  
(Date forms issued)

_Richard R. Weir  # 716_  
(Signature of Party or their Representative)

_Richard R. Weir, Jr  # 716_  
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action