IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHEILA LAND, Individually and as Guardian :
of RAB, a minor, and Charles J. Durante, Esq. :
Executor of the Estate of Charles Andre Banks :
:
Plaintiffs, : C.A. No.: 07-160
:
v. : JURY TRIAL OF SIX DEMANDED
:
THE CITY OF DOVER and [JOHN DOES 1-5] :
PFC ROBERT BARRETT, CPL CARL :
HUMPHREY, PFC JEFFREY GOTT, PFC KEVIN:
STREADWICK,PFC BIANCA RANGER, :
in their Individual and Official capacities :
:
Defendants. :

## AMENDED COMPLAINT

1. This is an action, pursuant to 28 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution 28 U.S.C. § 1332, State law, statutory and common, for damages as the result of the death of Charles Andre Banks on April 17, 2005 at the hands of the Defendants and while in their custody and control.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, 1332 and supplemental jurisdiction over pendent state law claims, pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391.

### THE PARTIES

4. Charles Andre Banks was, at all times relevant hereto, a resident and citizen of the State of New York. He was killed on April 17, 2005 in Dover, Delaware. He was the natural

father of Plaintiff RAB ( DOB: 1/26/01) and the natural son of Plaintiff Sheila Land.

5. Sheila Land is a resident and citizen of the State of New York and the mother of Charles Banks. She is the Guardian of RAB the natural son of Charles Andre Banks. Ms. Land has sole custody of RAB and is solely responsible for his support and maintenance.

6. RAB is a resident and citizen of the State of New York and the son of Charles Andre Banks.

7. Charles J. Durante, Esquire is an attorney licensed to practice in the State of Delaware and the Executor of the Estate of Charles Andre Banks.

8. Defendant, City of Dover is a municipal corporation of the State of Delaware, located in Kent County, Delaware. It employed, at all times relevant hereto, [John Doe Defendants] PFC ROBERT BARRETT, CPL CARL HUMPHREY, PFC JEFFREY GOTT, PFC KEVIN STREADWICK, AND PFC BIANCA RANGER, as Police Officers within the City's Department of Police. The government of the City of Dover is vested in a Mayor and City Council pursuant to its Charter, § 4.

9. Defendant s PFC ROBERT BARRETT, CPL CARL HUMPHREY, PFC JEFFREY GOTT, PFC KEVIN STREADWICK, AND PFC BIANCA RANGER[s John Does,] Defendant Officers, at the time of Charles Andre Banks' detention and death, were law enforcement officers employed by Defendant the City of Dover the City's Police Department.

## THE FACTS

10. In the afternoon of April 17, 2005, Charles Andre Banks stumbled on foot into the parking lot of Bay Health Medical Center, a hospital in the City of Dover. ( Hospital).

11. He was, inter alia, in acute distress, incoherent, foaming at the mouth, unable to

speak, walk or control his actions. He was in obvious need of emergency medical treatment and in a life threatening condition requiring immediate medical care including but not limited to intubation.

12. Medical personnel at the Hospital observed his condition and immediately responded to the parking lot in order to render immediate and necessary emergency care and treatment.

13. Medical personnel placed Mr. Banks in a wheelchair so he could be taken into the Emergency Room of the Hospital and receive such treatment. The hospital was less than 100 yards from where they found Mr. Banks and assisted him.

14. Mr. Banks was not a threat or danger to the medical personnel or to others and was not acting violently or in a manner that required any restraints.

15. At the time, Mr. Banks was in extreme respiratory distress having consumed PCP ( Phencyclidine) and Marijuana and required immediate medical intervention, including intubation, which medical treatment would have saved his life.

16. Defendant Officers [John Does] arrived at the Hospital Emergency Room as the Hospital personnel were in the process of taking Mr. Banks into the Hospital so that he could receive medical treatment.

17. Defendant Officers [John Does] forcibly and violently removed Mr. Banks from possession, care and custody of the medical personnel despite, and over, the repeated and urgent objections of the medical personnel who told the Defendants that he was in dire need of immediate medical intervention and treatment.

18. Defendant Officers [John Does] ignored the clear and urgent objections of the medical personnel and deliberately prevented Mr. Banks from receiving life-saving treatment.

19. Defendant Officers forcibly and excessively restrained Mr. Banks and threw him into

their police vehicle telling the medical personnel at the Hospital that he "was ours now" and that if he needed medical treatment, as the medical personnel were pleading he needed, they would bring him back later to the Hospital.

20. Mr. Banks was taken to the Defendant City Police Station and, because he was deprived of the necessary and urgent medical treatment, which they knew he needed because they were told he needed such treatment, he went into respiratory failure and was transported by paramedics back to the Hospital where efforts to save him were unsuccessful, too late, and he died.

## COUNT ONE- STATE CREATED DANGER DOCTRINE

21. Defendants denied Mr. Banks substantive Due Process under the Fourteenth Amendment to the United States Constitution, in violation of 28 U.S.C. § 1983.

22. The harm to Mr. Banks was foreseeable and fairly direct.

23. Defendants were acting under color of state law and they acted in willful disregard for the safety of Mr. Banks and their conduct shocks the conscience. They did not need to act with urgency in arresting Mr. Banks and taking custody of him. Defendants consciously disregarded a substantial risk that Mr. Banks would be seriously harmed by their actions.

24. There was a relationship between the Defendants, the State and Mr. Banks because he was a foreseeable victim either individually or as a member of a discrete class, i.e., individuals such as Mr. Banks who are known to need urgent and life-saving medical care and are deliberately denied such care.

25. Defendants used their authority to create an opportunity for danger that otherwise would not have existed.

## COUNT TWO-SUBSTANTIVE DUE PROCESS AND LIBERTY INTERESTS
## FAILURE TO PROVIDE MEDICAL CARE

26. Plaintiffs incorporate by reference paragraphs 1-25 and reassert them as if fully set forth herein.

27. Defendants deprived Mr. Banks of substantive due process and his liberty under the Fourteenth Amendment to the United States Constitution in violation of 28 U.S.C. § 1983 by preventing him from receiving known and needed medical care, resulting in, and proximately causing, his death.

## COUNT THREE- FOURTH AMENDMENT- EXCESSIVE FORCE

28. Plaintiffs reassert paragraphs 1-27 and incorporate them as if fully set forth herein.

29. Defendants' violated Mr. Banks' rights under the Fourth Amendment to the United States Constitution, in breach of 28 U.S.C. § 1983, by using excessive force under the totality of the circumstances.

30. Defendants' seizure of Mr. Banks, which resulted in them preventing, and denying, medical care to Mr. Banks was objectively unreasonable.

31. Mr. Banks posed no immediate threat to the safety of the Defendants or others, he was not actively resisting arrest or attempting to evade arrest, he was not violent or dangerous.

32. Defendant officers used deadly force by preventing Mr. Banks from receiving life-sustaining medical treatment and denied his constitutional rights to life and liberty.

## COUNT FOUR- FOURTH AMENDMENT-UNREASONABLE SEIZURE

33. Plaintiffs reassert paragraphs 1-32 and incorporate them as if fully set forth herein.

34. Defendants subjected Mr. Banks to an unreasonable seizure in violation of his rights under the Fourth Amendment to the United States Constitution, in breach of 28 U.S.C. § 1983, by lacking probable cause and by lacking exigent circumstances.

### COUNT FIVE- FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE

35. Plaintiffs reassert paragraphs 1-34 and incorporate them as if fully set forth herein.

36. Defendant City had a policy or custom that was a moving force behind the unconstitutional actions of its police officers.

37. The training, supervision and discipline of the Defendant police officers was constitutionally inadequate and the failure of the Defendant City to adequately train, supervise and discipline said officers amounted to deliberate indifference to the rights of persons such as Mr. Banks with whom they come into contact.

38. The failure of the Defendant Officers to provide medical care to Mr. Banks was the result of inadequate training, supervision and discipline by the Defendant City and the need for more training, supervision and discipline in such circumstances is obvious as is the likelihood that the inadequate training, supervision and discipline will, and did, lead to the violation of Mr. Banks' constitutional rights. The Defendant City's policymakers were deliberately indifferent to the need for more or different training, supervision and discipline.

39. The Defendant City had a policy or custom of taking a person in custody to police headquarters even though it is known, or it is obvious, that he needs medical care and treatment prior to such transportation.

40. Upon information and belief, Defendant policy makers, including the City Council and/or Mayor, had actual or constructive knowledge of prior incidents or conduct where persons

in custody who exhibited excited delerium or were under the influence of drugs/alcohol and exhibited behavior requiring medical treatment were denied such treatment or such treatment was delayed pending transportation to the police station. Those incidents were likely to result in future violations of constitutional rights and the failure of Defendant City to train, <u>supervise and discipline</u> police officers to recognize the need for such treatment constituted tacit approval or deliberate indifference to the need to ensure that medical care is provided, representing a policy or custom of the Defendant City.

41. Where the need for medical treatment is made known to Defendant City's police officers and they refuse such treatment and actually prevent it, the inadequacy of their training, <u>supervising and disciplining</u> is obvious and so likely to result in a violation of the constitutional rights of the individual in need of such treatment that Defendant City's policy makers' failure to train, <u>supervise and discipline</u> such officers to permit or obtain medical treatment constituted deliberate indifference to those constitutional rights.

## COUNT SIX- WRONGFUL DEATH AND SURVIVAL

42. Plaintiffs reassert paragraphs 1-41 and incorporate them as if fully set forth herein.

43. Individual Defendants in their individual capacities are liable for the wrongful death of Mr. Banks and for survival claims by his estate, pursuant to 10 Del.C. §§ 3701 <u>et. seq.</u>, because their acts, neglect, default, and negligence caused Mr. Banks pain and suffering and caused his death.

44. Individual Defendants acted either beyond the scope of their employment or acted with wanton negligence or willful or malicious intent in preventing Mr. Banks from receiving medical care and ignoring the pleas or advice of the medical personnel at the Hospital.

45. The constitutional rights of Mr. Banks, which were violated by Defendants, were clearly established. Defendant Officers' actions were unlawful in light of clearly established law and the information they possessed at the time they apprehended Mr. Banks and took him from the medical personnel.

46. Defendant Officers intentionally inflicted emotional distress upon Mr. Banks and negligently inflicted emotional distress upon him causing him physical injury and death.

**WHEREFORE** Plaintiffs pray that judgment be entered in their favor and that they be awarded damages against the Defendants, jointly and severally, inter alia, compensatory damages, punitive damages against the Individual Defendants, costs and expenses, including attorneys' fees, and be granted such other and further relief as may be just and appropriate.

                           **RICHARD R. WIER, JR., P.A.**

                           /s/Richard R. Wier Jr.
                         Richard R. Wier, Jr. (#716)
                         Michele D. Allen (#4359)
                         Two Mill Road, Suite 200
                         Wilmington, DE 19806
                         (302)888-3222
                         Attorneys for Plaintiffs

Dated: July 24, 2007