IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHEILA LAND, Individually and as Guardian of RAZHON ANDRE BANKS, a minor and Charles J. Durante, Esq., Executor of the Estate of Charles Andre Banks, )<br>)<br>)<br>) | )<br>)<br>)<br>)  C.A. No.: 07C-160-UNA |

SHEILA LAND, Individually and as Guardian )
of RAZHON ANDRE BANKS, a minor and )
Charles J. Durante, Esq., Executor of the Estate )
of Charles Andre Banks,                          )   C.A. No.: 07C-160-UNA
                                                 )
        Plaintiffs,                              )   JURY TRIAL OF SIX
                                                 )   DEMANDED
    v.                                           )
                                                 )
THE CITY OF DOVER and [JOHN DOES 1-5] )
<u>PFC ROBERT BARRETT, CPL CARL</u>               )
<u>HUMPHREY, PFC JEFFREY GOTT, PFC KEVIN</u> )
<u>STREADWICK, PFC BIANCA RANGER,</u>             )
In their Individual and Official capacities,     )
                                                 )
        Defendants.                              )

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS I AND II OF PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

                                            **MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

*/s/ Daniel A. Griffith*
DANIEL A. GRIFFITH, ESQ.
Delaware Bar I.D. No. 4209
JOHN A. MACCONI, JR., ESQ.
Delaware Bar I.D. No. 4430
1220 N. Market Street
P.O. Box 8888
Wilmington, DE 19899-8888
(302) 552-4317
*Counsel for Defendants*

Dated: August 21, 2007

## Table of Contents

                                                         **Page**

I.    STATEMENT OF THE NATURE OF THE CASE ............................................................ 4

II.    SUMMARY OF THE ARGUMENT ............................................................................ 5

III.    STATEMENT OF UNDISPUTED FACTS ................................................................. 6

IV.    LEGAL ARGUMENT .................................................................................................. 8

    A.    Since Plaintiffs Have Specifically Raised Claims Under The Fourth Amendment To The United States Constitution, Their More Generalized "Substantive Due Process" Claims Must Be Dismissed As A Matter Of Law. ........................................................ 8

CONCLUSION ................................................................................................................ 12

## Table of Authorities

**Cases**

Bright v. Westmoreland County, 443 F. 3d 276, 281 (3d Cir. 2006) ........................................... 9

Brown v. Pa. Dep't of Health Emergency NUD Servs. Training Inst., 318 F. 3d 473, 478 (3d Cir. 2003) ................................................................................................................................. 9

Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) .......... 5, 10, 11

Kaucher v. County of Bucks, 455 F. 3d 418 (3d Cir. 2006) ......................................................... 9

Kneipp v. Tedder, 95 F. 3d 1199, 1201 (3d Cir. 1996) ................................................................ 8

Sanford v. Styles, et al, 456 F. 3d 298, 304-305 (3d Cir. 2006) .................................................... 9

Ward v. Taylor, et al, 2006 U.S. Dis. LEXIS 14135 (Jordan, Kent A. U.S.D.J., decided March 30, 2006) ................................................................................................................ 5, 9, 10, 11

I.      STATEMENT OF THE NATURE OF THE CASE

On the afternoon of April 17, 2005, Charles Andre Banks consumed a lethal dose of illegal drugs, including PCP (Phencyclidine) and marijuana. Officers of the City of Dover Police Department arrested Mr. Banks after he had consumed these drugs. Mr. Banks died from respiratory distress brought on by his drug overdose after he was arrested.

Mr. Banks' mother (Sheila Land), son, Razhon Banks and executor, Charles J. Durante, Esquire first filed this action on March 21, 2007. Plaintiffs' filed an Amended Complaint on July 24, 2007, alleging that the Dover police officers' detention of Mr. Banks deprived him of necessary medical attention in violation of his rights under the Fourth Amendment to the United States Constitution. (See Counts III and IV of Plaintiffs' Amended Complaint). Plaintiffs also contend that the City of Dover is liable for these Constitutional deprivations because the City had a "policy or custom that was a moving force behind the unconstitutional actions of its police officers". (*See Id.* at Count V). These claims (Counts III, IV and V) are not the subject of the instant motion. Nor is Plaintiffs' Wrongful Death and Survival claim (Count VI).

In addition to Counts III, IV, V and VI of Plaintiffs' Amended Complaint, however, Plaintiffs have asserted claims of Substantive Due Process violations (Counts I and II). Since these additional claims are not cognizable as a matter of law under the circumstances, Defendants hereby move to dismiss Counts I (state created danger doctrine) and II (Substantive Due Process) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.        SUMMARY OF THE ARGUMENT

Plaintiffs have included in their Amended Complaint claims for Substantive Due Process violations (Counts I and II).  These claims are not cognizable as a matter of law where, as here, the Fourth Amendment is more specifically tailored to the alleged violation of Mr. Banks' rights. *Ward  v. Taylor, et al*, 2006 U.S. Dis. LEXIS 14135 (Jordan, Kent A. U.S.D.J., decided March 30, 2006) (attached as Exhibit "A").  *See also Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).  Since plaintiffs have included claims for the violation of Mr. Banks' rights under the Fourth Amendment to the United States Constitution, claims relating to "the more generalized notion of 'Substantive Due Process' must be the guide for analyzing these claims".  *Ward, supra,* quoting *Graham v. Connor, supra.*

**III.     STATEMENT OF UNDISPUTED FACTS**

1. Plaintiffs' Complaint was filed on or about March 21, 2007. Plaintiffs' Amended Complaint was filed on July 24, 2007. The following facts are based purely and exclusively upon the allegations set forth in Plaintiffs' Amended Complaint.

2. On April 17, 2005, Charles Andre Banks, consumed an overdose of illegal drugs, particularly PCP (Phencyclidine) and marijuana. During that time, he was arrested and taken into custody by officers of the City of Dover Police Department. Mr. Banks ultimately died from respiratory distress caused by the overdose.

3. In their Amended Complaint, Plaintiffs contend that Mr. Banks' arrest and detention violated his rights under the Fourth Amendment to the United States Constitution, specifically by unreasonably depriving him of required medical attention. Plaintiffs also contend that the City of Dover is liable for this Constitutional deprivation since the "City had a policy or custom that was a moving force behind the unconstitutional actions of its police officers". Additionally, Plaintiffs have asserted a wrongful death/survival claim against the individual Defendants.

4. In addition to the aforementioned claims, Plaintiffs have also asserted more generalized claims of "Substantive Due Process" violations. Defendants move to dismiss these latter claims (Counts I and II) for failure to

state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Case 1:07-cv-00160-LPS    Document 21    Filed 08/21/2007    Page 7 of 12

**IV.     LEGAL ARGUMENT**

    **A.     Since Plaintiffs Have Specifically Raised Claims Under The Fourth Amendment To The United States Constitution, Their More Generalized "Substantive Due Process" Claims Must Be Dismissed As A Matter Of Law.**

Plaintiffs have specifically alleged that the Defendants' arrest and detention of Mr. Banks violated his rights under the Fourth Amendment to the United States Constitution:

> **COUNT III – FOURTH AMENDMENT – EXCESSIVE FORCE**
>
> 29.   Defendants' violated Mr. Banks' rights under the Fourth Amendment to the United States Constitution…by using excessive force under the totality of the circumstances…
>
> **COUNT IV – FOURTH AMENDMENT – UNREASONABLE SEIZURE**
>
> 34.   Defendants' subjected Mr. Banks to unreasonable seizure in violation of his rights under the Fourth Amendment to the United States Constitution… by lacking probable cause and by lacking exigent circumstances.  (See Exhibit "A", Counts III and IV).

In addition to these specific Fourth Amendment claims, Plaintiffs have asserted claims for "Substantive Due Process" violations under the Fourteenth Amendment to the United States Constitution styled as "State Created Danger Doctrine" and "Substantive Due Process and Liberty Interests" claims.  Given their assertion of specific Fourth Amendment claims, Plaintiffs cannot also proceed on more general claims of Substantive Due Process violations under the Fourteenth Amendment.

In *Kneipp v. Tedder*, 95 F. 3d 1199, 1201 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit first adopted the "State Created Danger Theory" as a mechanism by which plaintiffs may establish Constitutional violations under 42 U.S.C. § 1983.  The Court held that liability may attach where the state acts to create or enhance a danger that deprives the plaintiff of his or her Fourteenth Amendment right to Substantive Due Process.  *Id*. at 1205; see

also *Brown v. Pa. Dep't of Health Emergency NUD Servs. Training Inst.*, 318 F. 3d 473, 478 (3d Cir. 2003).

To prevail on a State-Created Danger claim in the Third Circuit, a plaintiff must prove the following four (4) elements:

    1.    The harm ultimately caused was foreseeable and fairly direct;

    2.    The state actor acted with a degree of culpability that shocks the conscience;

    3.    A relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and

    4.    The state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*Sanford v. Styles, et al*, 456 F. 3d 298, 304-305 (3d Cir. 2006)(citing *Bright v. Westmoreland County*, 443 F. 3d 276, 281 (3d Cir. 2006)).

The "state created danger" doctrine is essentially a claim that the defendants allegedly violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Sanford; Kaucher v. County of Bucks*, 455 F. 3d 418 (3d Cir. 2006). However, where, as here, a claimant asserts a specific claim under the Fourth Amendment to the United States Constitution, additional, generalized claims under the Substantive Due Process Clause of the Fourteenth Amendment are inappropriate. *Ward v. Taylor, supra.*

The Opinion of the Honorable Kent A. Jordan, U.S.D.J. in the *Ward* case is dispositive of plaintiffs' Substantive Due Process/Fourteenth Amendment claims. In *Ward*, plaintiff was an inmate at the Delaware Correctional Center ("DCC") who was attacked and severely beaten by another inmate. *Ward* alleged that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. He also asserted that the state violated his Substantive Due Process rights under the Fourteenth Amendment by creating an opportunity for danger that would otherwise not have existed (i.e., a "State Created Danger" claim). In reviewing the manner in which the United States Supreme Court has addressed claimants' assertions of both specific Constitutional violations and more generalized Fourteenth Amendment violations, Judge Jordan observed:

> **D. Ward's Substantive Due Process Claim Asserting a State Created Danger.**
>
> Finally, Defendants move to dismiss Ward's claim that the State violated his Substantive Due Process rights. Ward alleges that the Defendants, by acting with willful disregard for his safety, created an opportunity for danger that otherwise would not have existed and thus acted in a manner shocking to the conscience and violating the Due Process Clause of the Fourteenth Amendment. The Defendants challenge this claim by **correctly** asserting that Ward cannot rely on Substantive Due Process rights when the Eighth Amendment is more specifically tailored to the alleged violations of his rights.

*Ward* at 8-9 (citations omitted)(emphasis added).

Judge Jordan then noted the United States Supreme Court's support for this conclusion:

> The Supreme Court has held that when there is an "explicit textual source of Constitutional protection" against physically intrusive governmental conduct alleged by a plaintiff, "that Amendment, not the more generalized notion of 'Substantive Due Process' must be the guide for analyzing these claims". See *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (holding that claim of excessive force used by officers in making arrests must be brought under more directly applicable Fourth

> Amendment and not Fourteenth Amendment): *Whitley v. Alberts*, 475 U.S. 312, 327, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986) (holding that the "Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners"). Because Ward is a convicted inmate, the treatment he alleges must be challenged under the Eighth Amendment, and thus the Defendants' Motion to Dismiss the Substantive Due Process claim will be granted.

*Ward* at 9.

Here, the Fourth Amendment to the United States Constitution is an "explicit textual source of Constitutional protection" against physically intrusive governmental conduct alleged by the Plaintiff. Indeed plaintiffs have specifically cited to the Fourth Amendment in Counts III and IV of their Amended Complaint. As such, "that Amendment, not the more generalized notion of 'Substantive Due Process', must be the guide for analyzing these claims." *Ward*, quoting *Graham v. Connor, supra.*

V.      CONCLUSION

For all of the foregoing reasons, it is respectfully requested that this Honorable Court dismiss Counts I and II of Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

                                    **MARSHALL, DENNEHEY, WARNER,
                                        COLEMAN & GOGGIN**

                                    */s/ Daniel A. Griffith*_____
                                    DANIEL A. GRIFFITH, ESQ.
                                    Delaware Bar I.D. No. 4209
                                    JOHN A. MACCONI, JR., ESQ.
                                    Delaware Bar I.D. No. 4430
                                    1220 N. Market Street
                                    P.O. Box 8888
                                    Wilmington, DE 19899-8888
                                    (302) 552-4317
                                    *Counsel for Defendants*

Dated: August 21, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHEILA LAND, Individually and as Guardian of RAZHON ANDRE BANKS, a minor and Charles J. Durante, Esq., Executor of the Estate of Charles Andre Banks, ) ) ) ) | C.A. No.:  07C-160-UNA |
| Plaintiffs, ) | JURY TRIAL OF SIX DEMANDED |
| v. ) | |
| THE CITY OF DOVER and [JOHN DOES 1-5] <u>PFC ROBERT BARRETT, CPL CARL HUMPHREY, PFC JEFFREY GOTT, PFC KEVIN STREADWICK, PFC BIANCA RANGER,</u> In their Individual and Official capacities, ) ) ) ) ) | |
| Defendants. ) | |

## ORDER

This matter having been brought before the Court by Defendants; and the Court having considered the moving papers and any opposition filed thereto; and having heard the arguments of counsel; and for other and further good cause shown;

It is on this           day of                    , 2007, hereby **ORDERED** and **ADJUDGED** that Counts I and II of Plaintiffs' Amended Complaint be and hereby are **DISMISSED** pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim upon which relief can be granted.

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHEILA LAND, Individually and as Guardian of RAZHON ANDRE BANKS, a minor and Charles J. Durante, Esq., Executor of the Estate of Charles Andre Banks, ) ) ) ) ) | |
| | C.A. No.:  07C-160-UNA |
| Plaintiffs, ) | |
| ) | JURY TRIAL OF SIX DEMANDED |
| v. ) ) | |
| THE CITY OF DOVER and [JOHN DOES 1-5] <u>PFC ROBERT BARRETT, CPL CARL HUMPHREY, PFC JEFFREY GOTT, PFC KEVIN STREADWICK, PFC BIANCA RANGER,</u> In their Individual and Official capacities, ) ) ) ) ) ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I, John A. Macconi, Jr., hereby certify that on the twenty-first (21st) day of August, 2007, a true and correct copy of Defendants' Motion to Dismiss Counts I and II of Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), Opening Brief in support of the Motion, and proposed Order were forwarded to the below named addressee via electronic filing:

Richard R. Wier, Jr., Esquire
Two Mill Road
Suite 200
Wilmington, DE  19806

        **MARSHALL, DENNEHEY, WARNER,
            COLEMAN & GOGGIN**

        */s/ John A. Macconi, Jr.*_____
        JOHN A. MACCONI, JR., ESQ.
        Delaware Bar I.D. No. 4430
        1220 N. Market Street
        P.O. Box 8888
        Wilmington, DE 19899-8888
        (302) 552-4317
        *Counsel for Defendants*