IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHEILA LAND, Individually and as Guardian
of RAB, a minor, and Charles J. Durante, Esq.
Executor of the Estate of Charles Andre Banks,

    Plaintiffs,       : C.A. No.: 07-160

   v.          : JURY TRIAL OF SIX DEMANDED

THE CITY OF DOVER and [JOHN DOES 1-5]
PFC ROBERT BARRETT, CPL CARL
HUMPHREY, PFC JEFFREY GOTT, PFC KEVIN
STREADWICK, PFC BIANCA RANGER,
in their Individual and Official capacities,

    Defendants.

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS COUNTS I And II**

               **RICHARD R. WIER, JR., P.A.**

               /s/ Richard R. Wier, Jr.
               Richard R. Wier, Jr. (#716)
               Michele D. Allen (#4359)
               Two Mill Road - Suite 200
               Wilmington, DE 19806
               (302)888-3222
               Rwier@wierlaw.com

               *Attorney for the Plaintiffs*

## TABLE OF CONTENTS

Table of Citations ................................................................................................ ii

Nature and Stage of the Proceeding .................................................................... 1

Summary of the Argument ................................................................................... 2

Argument:

    Defendants' Motion to Dismiss is Without Merit ........................................ 3

    Legal Standard ............................................................................................. 3

    The Complaint Asserts Valid Claims Under the Fourth and
    Fourteenth Amendments .............................................................................. 4

Conclusion ............................................................................................................ 9

# TABLE OF CITATIONS

Ward v. Taylor, 2006 U.S. Dist. LEXIS 14135 (D. Del. 2006)..................................2, 3, 4, 5, 8

Smith v. Marasco, 318 F.3d 497 (3d Cir. 2003) ..................................................2, 3, 8, 9

Graham v. Connor, 490 U.S. 386, 109 S. Ct. 1865 (1989) ..................................3, 5, 6

Rivas v. City of Passiac, 365 F.3d. 181 (3d Cir. 2004) ........................................3, 8

Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L.Ed. 2d 59, 104 S.Ct. 2229 (1984) ...... 4

Jordan [v. Fox, Rothschild, O'Brien & Frankel,] 20F.3d 1250, (3d Cir. 1994 at 1261).........4

Jones v. Gardels, 2003 U.S. Dist. LEXIS 23939 (D.Del. 2003) .................................. 4

Julian v. Raytheon Company, 499 F. Supp. 949 (D.Del.1980) ....................................4

Outboard Marine Corp. v. Pexetel, 474 F. Supp. 168 (D.Del. 1979)...............................4

Stratechuk v. Board of Ed. South Orange-Maplewood Sch. Dist., 200 Fed. Appx. 91; 2006 U.S.App. LEXIS 24907 (3d. Cir. 2006) .............................................................4

Revere v. Massachusetts General Hospital, 463 U.S. 239, 103 S. Ct. 2979 (1983) ..........5, 7

Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989) .....................................................8

## NATURE AND STAGE OF THE PROCEEDINGS

On March 21, 2007 Plaintiffs filed their Complaint. On April 20, 2007 Defendants, in lieu of an Answer to the Complaint, filed a Motion to Dismiss Counts I, II, and VI, together with an Opening Brief in support of that motion. On May 1, 2007 Plaintiffs' filed an answering Brief in Opposition to Defendants' Motion to Dismiss Counts I, II, and VI.

On July 24, 2007 Plaintiffs filed an Amended Complaint. On August 21, 2007 Defendants filed a Motion to Dismiss Counts I and II, together with an Opening Brief in support of that motion.

This is the Plaintiffs' Answering Brief in Opposition to Defendants' Motion to Dismiss.

## SUMMARY OF ARGUMENT

1. Counts I and II state causes of action because Substantive Due Process Claims may be asserted together with Fourth Amendment claims.

2. The District Court decision in <u>Ward v. Taylor</u> ( Ex. B to Defendants. Brief) does not apply to this case because that case was an Eighth Amendment Case by a convicted inmate and the Eighth Amendment is the explicit textual source of constitutional protection by inmates alleging punishment or deprivation of treatment within the prison.

3. The District Court's decision in <u>Ward</u>, recognized that due process claims may be asserted by such an inmate together with Eighth Amendment claims.

4  The Third Circuit Court of Appeals has held that Substantive Due Process Claims, such as those in Counts I and II, may be brought together with Fourth Amendment claims for excessive force and unreasonable seizure, <u>Smith v. Marasco</u>, 318 F.3d 497 ( 3d. Cir. 2003), and Defendants' Motion to Dismiss, which is predicated upon a contrary claim, is without merit.

# ARGUMENT

# DEFENDANTS' MOTION TO DISMISS IS WITHOUT MERIT

## I. INTRODUCTION

Defendants' Motion to Dismiss Counts I and II misapplies the law and misreads the complaint. In this case, the Complaint alleges Substantive Due Process claims in Count I (State Created Danger Doctrine) and Count II (Liberty and Failure to Provide Medical Care) as well as Fourth Amendment claims in Count III (Excessive Force) and Count IV (Unreasonable Seizure). Defendants' motion is based upon the erroneous claim that an excessive force claim under the Fourth Amendment precludes a Substantive Due Process claim, relying upon an Eighth Amendment case, Ward v. Taylor, 2006 U.S. Dist. LEXIS 14135 (D.Del. 2006) [Ex.A to Defendants' Opening Brief]. Defendants also erroneously rely upon a Fourth Amendment case, Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865 (1989). Neither Ward nor Graham stand for the proposition that the assertion of Fourth Amendment excessive force or unreasonable seizure claims precludes a Substantive Due Process claim under the Fourteenth Amendment since that issue was not before the Courts.

Defendants' Motion to Dismiss is without merit because the Third Circuit has held that a Substantive Due Process Claim under the Fourteenth Amendment may also be coupled with Fourth Amendment excessive force and unreasonable seizure claims, Smith v. Marasco, 318 F.3d 497 (3d Cir. 2003), see also Rivas v. City of Passaic, 365 F.3d. 181 (3d Cir. 2004).

## II. LEGAL STANDARD

Defendants do not allege that the facts in the Complaint do not state causes of action under the Fourth Amendment and the Fourteenth Amendment. On the contrary, their motion is

premised solely upon the erroneous legal proposition, supra and infra, that the two causes of action may not, as a matter of law, coexist.

"In reviewing a motion to dismiss for failure to state a claim, 'all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L.Ed. 2d 59, 104 S.Ct. 2229 ( 1984); Jordan [v. Fox, Rothschild, O'Brien & Frankel,] 20 F.3d 1250, ( 3d Cir. 1994- at 1261'", Jones v. Gardels, 2003 U.S. Dist. LEXIS 23939 ( D. Del. 2003); Julian v. Raytheon Company, 499 F. Supp. 949 ( D.Del. 1980); Outboard Marine Corp. v. Pexetel, 474 F. Supp. 168 ( D.Del. 1979); Stratechuk v. Board of Ed. South Orange-Maplewood Sch. Dist., 200 Fed. Appx. 91; 2006 U.S.App. LEXIS 24907 ( 3d. Cir. 2006).

### III. THE COMPLAINT ASSERTS VALID CLAIMS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS.

Defendants' sole legal contention is that "given their assertion of specific Fourth Amendment claims, Plaintiffs cannot also proceed on more general claims of Substantive Due Process violations under the Fourteenth Amendment", Def. Brf. p. 8.

Defendants' rely upon this Court's decision in Ward v. Taylor 2006 U.S. Dist., LEXIS 14135 ( D.Del. 2006) [ Ex. B to Def Brf.] for this novel proposition, supra. [ "Where, as here, a claimant asserts a specific claim under the Fourth Amendment to the United States Constitution, additional, generalized claims under the Substantive Due Process Clause of the Fourteenth Amendment are inappropriate, Ward. Taylor, supra."] Def. Brf. 9. Defendants also cite to

Graham v. Connor, 490 U.S. 386 (1989) which was referred to by the Court in Ward, Def. Brf. 5, 10,11.

Neither Ward nor Graham stand for that proposition. Ward was an Eighth Amendment case which centered on the claim by Ward, a convicted inmate, that the institution caused him cruel and unusual punishment by being deliberately indifferent to his serious medical need. The Supreme Court in City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 103 S.Ct. 2979 (1983) stated that: " the Eighth Amendment's proscription of cruel and unusual punishments is violated by 'deliberate indifference to serious medical needs of prisoners'", 244. The court said that the Due Process Clause of the Fourteenth Amendment was the proper source for the assertion that a pretrial detainee was denied appropriate medical care : "the relevant constitutional provision is not the Eighth Amendment but is, instead, the Due Process Clause of the Fourteenth Amendment." at 244. In that case, the court held that the Eighth Amendment was not applicable to Kivlin "because there had been no formal adjudication of guilt against Kivlin at the time he required medical care, the Eighth Amendment has no application", at 244. The Court said that "the Due Process Clause, however, does require the responsible government or governmental agency to provide medical care to persons, such as Kivlin, who have been injured while being apprehended by the police. In fact, the due process rights of a person in Kivlin's situation are at least as great as the Eighth Amendment protections available to a convicted prisoner", 244.

Revere arose out of a claim by Massachusetts General Hospital against the City of Revere alleging that it had responsibility for paying for the cost of its hospital services rendered to Kivlin.

The State Court held that the City was responsible for the costs, basing the liability of the City on its reading of the Eighth Amendment believing "that such a rule was needed to ensure that persons in police custody receive necessary medical attention". The Supreme Court granted certiorari " in view of this rather novel Eighth Amendment approach and the importance of delineating governmental responsibility in a situation of this kind". 241. The Court held that the lower court applied the incorrect constitutional provision but said that there was no reason to remand because "there is no reason to believe... that the Supreme Judicial Court's analysis of the rights of pretrial detainees would be any different under the Due Process Clause". 245. The Court held that the City of Revere " fulfilled its constitutional obligation by seeing that Kivlin was taken promptly to a hospital that provided the treatment necessary for his injury". 245. "As long as the governmental entity ensures that the medical care needed is in fact provided, the Constitution does not dictate how the cost of that care should be allocated as between the entity and the provider of the care. That is a matter of state law.". 245.

In <u>Graham, supra.</u>, the issue was the constitutional standard that governed an excessive force claim "that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of his person'" at 388. The lower court did not apply either the Fourth or Eighth Amendments but applied substantive due process principles notwithstanding that the two amendments were the "most textually obvious sources of constitutional protection against physically abusive governmental conduct". 453. The Court, while rejecting " this notion that all excessive force claims brought under § 1983 are governed by a single generic standard", 393, held that all excessive force claims "in the course of an arrest, investigatory stop, or other

'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing these claims", 454-5.

In the prison setting, the Eighth Amendment, rather than the Fourth Amendment, applies to convicted persons who allege intrusive governmental action because that Amendment provides the explicit textual source of constitutional protection against that sort of intrusive governmental conduct, Revere, supra. (" Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions...The State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law". 244).

None of these cases stands for the proposition that Substantive Due Process claims may not be asserted by a citizen, who is not incarcerated and convicted, in conjunction with Fourth Amendment claims for excessive force. Unlike the Eighth Amendment, which is the textually relevant source for claims by convicted inmates arising out of treatment in the institution, the Due Process clause applies to free citizens and detainees who have been denied medical treatment or substantive due process. The Fourth Amendment is only textually relevant to excessive force claims which are distinct from Substantive Due Process claims, such as the State Created Danger Doctrine, whose elements do not depend upon physical force or unreasonable

seizure. The elements of the State-created danger doctrine were set forth in <u>Smith, supra</u>, and in <u>Rivas, supra.</u>, see Ambro, Circuit Judge, concurring: pointing out that the second prong of the doctrine utilizes a "shocks the conscience" standard not a "willful disregard" standard and "we have written 'third party' out of the fourth prong of the test", at 202. The Amended Complaint alleges the appropriate prongs of the State-created Danger doctrine, e.g., ¶¶ 21-25.

Accordingly, the Court in <u>Ward</u> addressed the claims by a convicted prisoner that he had been denied his Eighth Amendment rights to medical treatment in the prison and held that the Amendment governed such claims because that Amendment was the sole source of claims for mistreatment or non treatment in the prison setting. The court in <u>Ward</u> permitted Fourteenth Amendment due process claims- citing to <u>Sample v. Diecks</u>, 885 F.2d 1099 ( 3d Cir. 1989)[ In <u>Sample</u>, the Court did not hold that the Eighth Amendment barred a procedural due process claim and remanded to determine whether ex-Commissioner Robinson deprived Sample of liberty without due process of law]- and permitted First Amendment retaliation claims to proceed for further development of the record. Thus, the Eighth Amendment's prohibition against cruel and unusual punishment does not- even with respect to a convicted inmate- prevent the assertion of due process claims by the inmate.

<u>Ward</u> does not stand for the proposition that Substantive Due Process claims by a non-convicted prisoner are trumped by the Fourth Amendment claim of excessive force and unreasonable seizure. In <u>Ward</u>, the Court held that the Eighth Amendment was, for Ward, "more specifically tailored to the alleged violation of his ( substantive due process) rights: "because Ward is a convicted inmate, the treatment he alleges must be challenged under the Eighth

Amendment" at Ex. B p. 7 Def. Brf.

Further, Defendants' Motion to Dismiss should be denied because the basis for the motion- substantive due process claims may not coexist with Fourth Amendment claims- was rejected by the Third Circuit Court of Appeals in <u>Smith v. Marasco</u>, 318 F. Ed 497 ( 3d. Cir. 2003). In <u>Smith</u>, the Third Circuit specifically held that a Substantive Due Process claim under the State-Created Danger Doctrine could be asserted together with a Fourth Amendment claim of excessive force. The Third Circuit reversed the District Court's grant of summary judgment on the § 1983 claims and held that the plaintiffs stated a cognizable Substantive Due Process claim under the State-Created Danger doctrine and a cognizable claim under the Fourth Amendment based upon excessive force.

## V. CONCLUSION

For the foregoing reasons and the authorities and facts which support those reasons, Plaintiffs pray that the Court enter an Order denying the Defendants' Motion to Dismiss.

Respectfully submitted,

   /s/ Richard R. Wier, Jr.
Richard R. Wier, Jr. (#716)
Michele D. Allen (#4359)
Two Mill Road - Suite 200
Wilmington, DE 19806
(302)888-3222
Attorney for Plaintiff

DATE: September 10, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHEILA LAND, Individually and as Guardian of RAB, a minor, and Charles J. Durante, Esq. Executor of the Estate of Charles Andre Banks, | : : : : |
| Plaintiffs, | : C.A. No.: 07-160 |
| v. | : JURY TRIAL OF SIX DEMANDED |
| THE CITY OF DOVER and [JOHN DOES 1-5] <u>PFC ROBERT BARRETT, CPL CARL HUMPHREY, PFC JEFFREY GOTT, PFC KEVIN STREADWICK, PFC BIANCA RANGER,</u> in their Individual and Official capacities, | : : : : : |
| Defendants. | : |

## ORDER

Upon Plaintiffs' Answering Brief in Opposition to Defendants' Motion to Dismiss Counts I and II, having been heard and duly considered by the Court IT IS ORDERED this ___ Day of _____ A.D. 2007 that:

Defendants' Motion for Dismissal of Counts I and II is DENIED.

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHEILA LAND, Individually and as Guardian of RAB, a minor, and Charles J. Durante, Esq. Executor of the Estate of Charles Andre Banks<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF DOVER and [JOHN DOES 1-5] <u>PFC ROBERT BARRETT, CPL CARL HUMPHREY, PFC JEFFREY GOTT, PFC KEVIN STREADWICK, PFC BIANCA RANGER,</u> in their Individual and Official capacities<br><br>Defendants. | :<br>:<br>:<br>:<br>:  C.A. No.: 07-160<br>:<br>:  JURY TRIAL OF SIX DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September, 2007 that I served the Defendants a true and correct copy of Plaintiffs' Answering Brief In Opposition to Defendants' Motion To Dismiss Counts I and II of Plaintiffs' Amended Complaint by ELECTRONIC FILING on:

Daniel A. Griffith, Esq.
Marshall, Dennehey, Warner Coleman & Goggin
1220 N. Market Street
PO Box 8888
Wilmington, DE 19899-8888

                                                                 /s/ Richard R. Wier, Jr.
                                                     Richard R. Wier, Jr. (#716)
                                                     Michele D. Allen (#4359)
                                                     Two Mill Road - Suite 200
                                                     Wilmington, DE 19806
                                                     (302)888-3222
                                                     Attorney for Plaintiffs