IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHEILA LAND, Individually and as Guardian of RAB, a minor, and Charles J. Durante, Esq. Executor of the Estate of Charles Andre Banks, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF DOVER and PFC ROBERT BARRETT, CPL CARL HUMPHREY, PFC JEFFREY GOTT, PFC KEVIN STREADWICK, PFC BIANCA RANGER, in their Individual and Official capacities, <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : Civ. No. 07-160-LPS <br> : <br> : Jury Trial of Six Demanded <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## MEMORANDUM ORDER

At Wilmington this **26th** day of **November, 2007**, having reviewed Defendants' motions to dismiss and the papers filed in connection therewith:

IT IS ORDERED that Defendants' motion to dismiss Counts I, II and VI of the original complaint (D.I. 4) is DENIED as moot.[1]

IT IS FURTHER ORDERED that Defendants' motion to dismiss Counts I and II of the amended complaint (D.I. 20, and hereinafter "the motion") is DENIED for the reasons set forth below.

---

[1] Defendants initially moved to dismiss Counts I, II, and VI of the original complaint (D.I. 4). That motion became moot when Plaintiffs filed their amended complaint (D.I. 20). Defendants' second motion to dismiss is addressed only to Counts I and II of the amended complaint.

## Background[2]

This case arises out of events allegedly occurring on April 17, 2005 involving Charles Andre Banks ("Banks") and officers of the Dover Police Department (hereinafter "Defendant Officers"). According to the Amended Complaint (D.I. 20 and hereinafter "Complaint" or "Cmplt."), on that day Banks consumed PCP and marijuana, causing him to experience extreme respiratory distress requiring immediate medical attention. Cmplt. ¶ 15. Banks found his way by foot into the parking lot of Bay Health Medical Center in Dover, where medical personnel assisted him. *Id.* ¶¶ 10, 12-13. As the medical personnel were taking Banks toward the emergency room, the Defendant Officers arrived. *Id.* ¶ 16. The Defendant Officers then "forcibly and violently removed Mr. Banks from [the] possession, care and custody of the medical personnel despite, and over, the repeated and urgent objections of the medical personnel who told the Defendant[] [Officers] that he was in dire need of immediate medical intervention and treatment." *Id.* ¶ 17. The Defendant Officers thereafter "forcibly and excessively restrained Mr. Banks" and took him in a police vehicle to the City Police Station. *Id.* ¶¶ 19-20. There, Banks went into respiratory failure. *Id.* ¶ 20. He was transported back to the hospital, where he died. *Id.*

Based on these events, Plaintiffs – Banks' mother, individually and as guardian for Banks' minor child; as well as the executor of Banks' estate – have filed a six-count complaint against the Defendant Officers and the City of Dover ("City"). Only the first four counts are pertinent to the motion. Each of these four counts is brought pursuant to 42 U.S.C. § 1983.

---

[2]As the Court is addressing a motion to dismiss, the Court is bound to take as true all well-pleaded factual allegations in the complaint. *See Ward v. Taylor*, 2006 WL 839402, at *1 n.1 (D. Del. Mar. 30, 2006).

Counts I and II allege that Defendants denied Banks the substantive due process to which he was entitled under the Fourteenth Amendment by creating a danger to him that otherwise would not have existed (Count I: the "state created danger claim") and by preventing him from receiving known and needed medical care (Count II: the "failure to provide medical care" claim). Cmplt. ¶¶ 21-27. Counts III and IV allege that Defendants violated Banks' rights under the Fourth Amendment by, respectively, using excessive force in seizing Banks ("excessive force claim") and by unreasonably seizing Banks in the absence of probable cause or exigent circumstances ("unreasonable seizure claim"). *Id.* ¶¶ 28-34.[3]

On August 21, 2007, Defendants moved to dismiss Counts I and II of the Complaint. That is, they seek dismissal of the claims alleging deprivation of substantive due process in violation of the Fourteenth Amendment, but they do not attack the sufficiency of the claims alleging violations of the Fourth Amendment. Briefing on the motion was completed on September 20, 2007.[4]

## Discussion

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." A motion to dismiss requires a court to accept as true all material allegations of the complaint. *See Spruill v. Gillis,*

---

[3]Not at issue presently is Count V, alleging the City failed to train, supervise, and discipline the Defendant Officers; and Count VI, alleging the Defendant Officers are liable for wrongful death and survival claims pursuant to Delaware law. *See* Cmplt. ¶¶ 35-46.

[4]On September 18, 2007, this case was assigned to the undersigned Magistrate Judge, after the parties executed consents to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(b).

372 F.3d 218, 223 (3d Cir. 2004). "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks and citation omitted). Thus, a court may grant a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks and citations omitted).

Here, Defendants argue that, regardless of the truth of Plaintiffs' allegations, Plaintiffs cannot maintain Fourteenth and Fourth Amendment claims arising from the same events. Defendants contend that the Fourth Amendment more specifically covers the circumstances presented here than does the Fourteenth Amendment. Citing the Supreme Court's decision in *Graham v. Connor*, 490 U.S. 386 (1989), and this Court's decision in *Ward v. Taylor*, 2006 WL 839402 (D. Del. Mar. 30, 2006), Defendants conclude that the Fourteenth Amendment claims must be dismissed.[5] The Court does not agree.

As even the Defendants concede, *see* Reply Brief (D.I. 27 and hereinafter "RB") at 5, in circumstances similar to those presented here the Third Circuit has permitted plaintiffs to press

---

[5] Defendants do not identify any other purported inadequacies in how Plaintiffs have stated Counts I and II, nor do they have a pending motion to dismiss any of the other counts.

Fourth and Fourteenth Amendment claims simultaneously. For example, in *Estate of Smith v. Marasco*, 318 F.3d 497, 505-18 (3d Cir. 2003), an action arising from the death of a criminal suspect who was being pursued by law enforcement, the Third Circuit allowed the plaintiffs to proceed to trial on Section 1983 claims alleging Fourth Amendment violations (excessive force and unreasonable search) and a Fourteenth Amendment violation (state-created danger). *See also Rivas v. City of Passaic*, 365 F.3d 181, 194-200 (3d Cir. 2004) (denying defense motions for summary judgment and permitting plaintiffs to proceed on Fourth Amendment excessive force claims as well as Fourteenth Amendment state-created danger claim).

District courts within this Circuit have, with some frequency, confronted the situation now before the Court: a Section 1983 plaintiff seeking to prosecute claims alleging excessive force in violation of the Fourth Amendment in addition to claims alleging denial of medical attention in violation of substantive due process under the Fourteenth Amendment. *See, e.g., Faust v. Clee*, 2006 WL 3025960 (E.D. Pa. Oct. 23, 2006) (evaluating factual support for plaintiff's Fourth Amendment excessive force claim as well as her Fourteenth Amendment denial of medical attention claim); *Hogan v. City of Easton*, 2004 WL 1836992, at *9-11 (E.D. Pa. Aug. 17, 2004) (denying motion to dismiss and finding plaintiff adequately pled violation of Fourth Amendment right to be free from excessive force and Fourteenth Amendment substantive due process right to medical treatment in police custody). The Court is unaware of any case in which a substantive due process claim of this sort has been dismissed due to the pendency of a related Fourth Amendment claim – and Defendants have not cited a single such case. To the contrary, at least one Court of Appeals has outlined the type of evidence that a plaintiff could produce that would establish that a denial of medical treatment was both unreasonable in violation of the

Fourth Amendment and a deprivation of substantive due process in violation of the Fourteenth Amendment. *See Boone v. Spurgess*, 385 F.3d 923, 934 (6th Cir. 2004).

Defendants concede that the Third Circuit has "allowed both State Created Danger claims [under the Fourteenth Amendment] and Fourth Amendment . . . excessive force claims" in the same case. RB at 4 (citing *Smith*, 318 F.3d at 497). Yet Defendants attempt to distinguish *Smith* by arguing that here "there was no actual force [used] by Defendants, even according to Plaintiffs." *Id.* at 5. This misreads the Complaint, which plainly alleges that the Defendant Officers "forcibly and violently removed Mr. Banks from [the] possession, care and custody of the medical personnel" and "forcibly and excessively restrained Mr. Banks and threw him into their police vehicle" (Cmplt. ¶¶ 17, 19).

While the Defendants would have the Court read the Complaint's allegations of force as consisting of nothing beyond the denial of medical treatment, that is not the only (or even necessarily the most reasonable) interpretation of the Complaint. It may be that the Plaintiffs have alleged – and, more to the point, it may be that the evidence will show – two related, but distinct, violations of Banks' constitutional rights: the arrest, which involved excessive force and an unreasonable seizure; and <u>then</u> the pretrial detention, during which the Defendants deprived Banks of substantive due process by denying him necessary medical treatment. Defendants have pointed to nothing that would prevent Plaintiffs from prevailing on their Fourteenth Amendment claims if this is what the evidence ultimately shows.

Another factor weighing against dismissing Plaintiffs' claims at this early stage is the difficulty inherent in determining when an arrest, governed by the Fourth Amendment, ends and when a pretrial detention, governed by the substantive due process requirement of the Fourteenth

Amendment, begins. As the Third Circuit has observed, "[w]here the seizure ends and pre-trial detention begins is a difficult question." *United States v. Johnstone*, 107 F.3d 200, 207 (3d Cir. 1997). Moreover, "[w]hether the Fourth Amendment continues to protect individuals 'beyond the point at which arrest ends and pretrial detention begins' is uncertain. . . ." *Bieros v. Nicola*, 860 F. Supp. 226, 231 (E.D. Pa. 1994) (internal citations omitted).

These legal uncertainties, combined with the lack of factual development at this point in the case, leave the Court unsure whether the entirety of the Plaintiffs' claims are within the scope of the Fourth Amendment, leaving nothing remaining to be covered by the Fourteenth Amendment. *See generally Phelps v. Coy*, 286 F.3d 295, 300 (6th Cir. 2002) ("[I]f a plaintiff is not in a situation where his rights are governed by the particular provisions of the Fourth or Eighth Amendments, the more generally applicable due process clause of the Fourteenth Amendment still provides the individual some protection against physical abuse by officials."); *see also Cramer v. Deem*, 2007 WL 2071882, at *1-3 (M.D. Pa. July 19, 2007) (permitting plaintiff to prosecute excessive force claim under Fourth and Fourteenth Amendments); *Bieros*, 860 F. Supp. at 231-32 (same where plaintiff's status, as arrestee or pretrial detainee, at time of alleged use of excessive force was unclear).

One of the factors relevant to determining whether an individual's rights are governed by the Fourth Amendment, on the theory that a seizure is ongoing, or governed by the Fourteenth Amendment's substantive due process protection, on the theory that the seizure has ended and the individual has become a pretrial detainee, is whether the individual remains in the custody of the arresting officers. *See, e.g., Phelps*, 286 F.3d at 300. Here, the Complaint contains no allegations as to which officers initially confronted Banks in the hospital parking lot, which ones

7

spoke to the medical professionals, or which transported Banks to the police station, processed Banks at the station, or returned Banks to the hospital. Indeed, the Complaint throughout refers to the "Defendant Officers" collectively, never distinguishing amongst them. Without such factual development, the Court cannot determine as a matter of law what Banks' status was at any particular moment or, therefore, what constitutional standards applied. Consequently, the Court cannot say that there is no possibility Plaintiffs could prevail.

The two cases on which Defendants rely do not require a contrary conclusion. In *Graham*, 490 U.S. at 388, the Supreme Court held that claims that law enforcement officials used excessive force in connection with an arrest are to be analyzed under the Fourth Amendment's "objective reasonableness" standard, rather than under a Fourteenth Amendment substantive due process standard. The Complaint here is consistent with *Graham*, since the only excessive force claim (Count III) alleges a violation of the Fourth Amendment, not the Fourteenth Amendment.[6]

In *Ward*, 2006 WL 839402, at *8, this Court dismissed a Fourteenth Amendment "state-created danger" claim where the plaintiff was a convicted inmate who had alleged that the defendants' conduct also constituted "cruel and unusual punishment" in violation of the Eighth Amendment. It had been settled since even before *Graham* that the Eighth Amendment, and not substantive due process, is the provision that protects sentenced prisoners against excessive force. *See Graham*, 490 U.S. at 395 n.10. Here, however, as already explained above, it is not at all clear at which, if any, points Banks was protected by the Fourth Amendment and at which, if any, by the Fourteenth Amendment.

---

[6]*Graham* expressly does not resolve "whether the Fourth Amendment continues to provide individuals with protection against the deliberate use of excessive force beyond the point at which arrest ends and pretrial detention begins." 490 U.S. at 395 n.10.

8

## Conclusion

For the reasons stated above, Defendants' motion to dismiss Counts I, II and VI (D.I. 4) is DENIED as moot, and their motion to dismiss Counts I and II (D.I. 20) is DENIED.

_____
UNITED STATES MAGISTRATE JUDGE