**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SHEILA LAND, Individually and as Guardian of RAZHON ANDRE BANKS, a minor and Charles J. Durante, Esq., Executor of the Estate of Charles Andre Banks, | ) ) ) ) ) | C.A. No.: 07C-160-UNA |
| Plaintiffs, | ) ) | JURY TRIAL OF SIX DEMANDED |
| v. | ) ) | |
| THE CITY OF DOVER and [JOHN DOES 1-5] PFC ROBERT BARRETT, CPL CARL HUMPHREY, PFC JEFFREY GOTT, PFC KEVIN STREADWICK, PFC BIANCA RANGER, In their Individual and Official capacities, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Comes now, Defendants, by and through their counsel, Marshall, Dennehey, Warner, Coleman & Goggin, and hereby respond to Plaintiffs' Amended Complaint as follows:

1. It is specifically denied that in any way, and at any time, Defendants caused or contributed to the death of Charles Andre Banks. As to the remainder of the allegations contained in this paragraph of Plaintiffs' Amended Complaint, no response thereto is required of Defendants.

**JURISDICTION AND VENUE**

2. This paragraph of Plaintiffs' Amended Complaint states a legal conclusion to which no response is necessary by Defendants.

3. This paragraph of Plaintiffs' Amended Complaint states a legal conclusion to which no response is necessary by Defendants.

## THE PARTIES

4.  Admitted in part, denied in part.  It is admitted that Charles Andre Banks is deceased. It is specifically denied that in any way Defendants caused or contributed to his death.  As to the remainder of the allegations contained in this paragraph of Plaintiffs' Amended Complaint, denied - Defendants have insufficient knowledge to admit or deny those allegations and therefore must deny same, demanding strict proof thereof at the time of trial.

5.  Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint.

6.  Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint.

7.  Admitted in part, denied in part.  It is admitted that Charles J. Durante, Esq. is an attorney licensed to practice in the State of Delaware.  As to the remainder of the allegations contained in this paragraph of Plaintiffs' Amended Complaint, denied - Defendants have insufficient knowledge to admit or deny those allegations and therefore must deny same, demanding strict proof thereof at the time of trial.

8.  Admitted in part, denied in part.  It is admitted that the City of Dover is a municipal corporation of the State of Delaware, located in Kent County, Delaware.  As to the remainder of the allegations contained in this paragraph of Plaintiffs' Amended Complaint, denied as stated.

9.  Denied as stated.  It is further specifically denied that in any way Defendants caused or contributed to the death of Charles Andre Banks.

## THE FACTS

10. Admitted in part, denied in part.  It is admitted that on April 17, 2005, Charles Andre Banks was in the parking lot of Bay Health Medical Center, a hospital in the City of Dover

(Hospital). As to the remainder of the allegations contained in this paragraph of Plaintiffs' Amended Complaint, denied as stated.

11. Denied as stated.

12. Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint.

13. Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint.

14. Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint.

15. Admitted in part, denied in part. It is admitted that PCP (Phencyclidine) and Marijuana had been consumed by Charles Andre Banks. As to the remainder of the allegations contained in this paragraph of Plaintiffs' Amended Complaint, denied - Defendants have insufficient knowledge to admit or deny those allegations and therefore must deny same, demanding strict proof thereof at the time of trial.

16. Denied as stated.

17. Denied as stated. It is further specifically denied that Defendants acted forcibly and violently at any relevant time.

18. Denied.

19. Denied as stated. It is further specifically denied that Defendants acted forcibly and excessively at any relevant time.

20. Admitted in part, denied in part. It is admitted that Charles Andre Banks was taken to the City of Dover Police Station, that he was transported back to the Hospital, and that he died.

As to the remainder of the allegations contained in this paragraph of Plaintiffs' Amended Complaint, denied as stated.

## COUNT ONE - STATE CREATED DANGER DOCTRINE

21. Denied.

22. Denied.  It is further specifically denied that in any way Defendants caused or contributed to the death of Charles Andre Banks.

23. Admitted in part, denied in part.  It is admitted that the individual Defendants who were at the Hospital were acting under color of state law.  As to the remainder of the allegations contained in this paragraph of Plaintiffs' Amended Complaint, denied.

24. To the extent that this paragraph of Plaintiffs' Amended Complaint states a legal conclusion, no response thereto is necessary by Defendants.  To the extent that it does not, denied.

25. Denied.

## COUNT TWO - SUBSTANTIVE DUE PROCESS AND LIBERTY INTERESTS (FAILURE TO PROVIDE MEDICAL CARE)

26. Defendants incorporate by reference paragraphs 1-25 and reassert them as if fully set forth herein.

27. Denied.  It is further specifically denied that in any way Defendants caused or contributed to the death of Charles Andre Banks.

## COUNT THREE - FOURTH AMENDMENT - EXCESSIVE FORCE

28. Defendants reassert paragraphs 1-27 and incorporate them as if fully set forth herein.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

### COUNT FOUR - FOURTH AMENDMENT - UNREASONABLE SEIZURE

33. Defendants reassert paragraphs 1-32 and incorporate them as if fully set forth herein.

34. Denied.

### COUNT FIVE - FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE

35. Defendants reassert paragraphs 1-34 and incorporate them as if fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

### COUNT SIX - WRONGFUL DEATH AND SURVIVAL

42. Defendants reassert paragraphs 1-41 and incorporate them as if fully set forth herein.

43. Denied.  It is further specifically denied that in any way Defendants, including the individual Defendants, caused or contributed to either the alleged pain and suffering, or death, of Charles Andre Banks.

44. Denied.

45. Denied.

46. Denied.  It is further specifically denied that in any way Defendants, including the individual Defendants, caused or contributed to either the alleged physical injury, or death, of Charles Andre Banks.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim for attorney's fees fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

It is denied that Charles Andre Banks experienced any pain and suffering or physical injury whatsoever.  If it is proven, however, such pain and suffering or physical injury was caused by entities, individuals, or things not under Defendants' control.

### FOURTH AFFIRMATIVE DEFENSE

The death of Charles Andre Banks was caused by entities, individuals, or things not under Defendants' control, including Charles Andre Banks.

### FIFTH AFFIRMATIVE DEFENSE

The physical injury alleged pre-existed the incident in Plaintiffs' Amended Complaint or was otherwise not related to the alleged incident.

### SIXTH AFFIRMATIVE DEFENSE

Defendants are entitled to all relevant immunities contained in the Delaware County and Municipal Tort Claims Act.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has shown no valid civil rights violations and therefore has failed to meet the statutory requirements of 42 U.S.C.S. 1981, 1983, 1985, 1986 or 1988.

### EIGHTH AFFIRMATIVE DEFENSE

The individual Defendants assert the defense of qualified immunity as articulated in Harlow v. Fitzgerald, 457 U.S. 800 (1982) and subsequent decisions.

## NINTH AFFIRMATIVE DEFENSE

The individual Defendants assert that they have not clearly violated clearly established law and at all times concerned with this litigation acted in a manner which was proper, reasonable, lawful and in the exercise of good faith and, as such, enjoy not only qualified immunity, but a right not to go to trial as articulated in Mitchell v. Forsyth, 105 S.Ct. 2806 (1985).

## TENTH AFFIRMATIVE DEFENSE

The individual Defendants assert, in the alternative, either that under the facts alleged or to be developed that they were acting individually and within the confines or boundaries of qualified immunity or, alternatively, that to the extent that they are named in their official capacity, those claims should be dismissed. Brandon v. Holt, 469 U.S. 464 (1985); Gregory v. Chechi, 843 F.2d 111 (1988).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages asserted against the individual Defendants in their official capacity is barred by state and federal law. City of Newport v. Fact Concerts, Inc., 101 S.Ct. 2748 (1987).

## TWELFTH AFFIRMATIVE DEFENSE

Even if it judicially determined that the individual Defendants acted negligently and violated clearly established law, they remain immune from the imposition of damages pursuant to Daniels v. Williams, 106 S.Ct. 662 (1986) and Davidson v. Cannon, 106 S.Ct. 668 (1986).

## THIRTEENTH AFFIRMATIVE DEFENSE

It is averred that probable cause existed for the arrest of Charles Andre Banks.

## FOURTEENTH AFFIRMATIVE DEFENSE

Charles Andre Banks was not subjected to the use of excessive force.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants assert all other defenses available to them under the Civil Rights Act of 1871.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's request for punitive damages against Defendant City of Dover is barred by state and federal law.

## SEVENTEETH AFFIRMATIVE DEFENSE

The nature of Charles Andre Banks's arrest was necessary and proper in light of Banks's conduct then existing.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The individual Defendants' acts were necessary and proper under the circumstances then existing.

## NINETEENTH AFFIRMATIVE DEFENSE

The amount of force used by the individual Defendants was necessary and proper under the circumstances then existing.

## TWENTIETH AFFIRMATIVE DEFENSE

Charles Andre Banks was not subjected to acts performed with actual malice.

WHEREFORE, Defendants seek dismissal with prejudice with costs assessed against Plaintiffs.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

*/s/ John A. Macconi, Jr.*
DANIEL A. GRIFFITH, ESQ.
Delaware Bar I.D. No. 4209
JOHN A. MACCONI, JR., ESQ.
Delaware Bar I.D. No. 4430
1220 N. Market Street
P.O. Box 8888
Wilmington, DE 19899-8888
(302) 552-4300
*Counsel for Defendants*

Date:  December 19, 2007

15/565247.v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SHEILA LAND, Individually and as Guardian | ) | |
| of RAZHON ANDRE BANKS, a minor and | ) | |
| Charles J. Durante, Esq., Executor of the Estate | ) | |
| of Charles Andre Banks, | ) | C.A. No.:  07C-160-UNA |
| | ) | |
| Plaintiffs, | ) | JURY TRIAL OF SIX |
| | ) | DEMANDED |
| v. | ) | |
| | ) | |
| THE CITY OF DOVER and [JOHN DOES 1-5] | ) | |
| PFC ROBERT BARRETT, CPL CARL | ) | |
| HUMPHREY, PFC JEFFREY GOTT, PFC KEVIN | ) | |
| STREADWICK, PFC BIANCA RANGER, | ) | |
| In their Individual and Official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I, John A. Macconi, Jr., hereby certify that on December 19, 2007, a true and correct copy of *Defendants' Answer to Plaintiffs' Amended Complaint*, was forwarded to the below named addressee via electronic filing:

Richard R. Wier, Jr., Esquire
Two Mill Road
Suite 200
Wilmington, DE  19806

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

*/s/ John A. Macconi, Jr.*
JOHN A. MACCONI, JR., ESQ.
Delaware Bar I.D. No. 4430
1220 N. Market Street
P.O. Box 8888
Wilmington, DE 19899-8888
(302) 552-4300
*Counsel for Defendants*

*15/565267.v1*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SHEILA LAND, Individually and as Guardian )
of RAZHON ANDRE BANKS, a minor and )
Charles J. Durante, Esq., Executor of the Estate )
of Charles Andre Banks, )     C.A. No.: 07C-160-UNA
)
Plaintiffs, )     JURY TRIAL OF SIX
)     DEMANDED
v. )
)
THE CITY OF DOVER and [JOHN DOES 1-5] )
PFC ROBERT BARRETT, CPL CARL )
HUMPHREY, PFC JEFFREY GOTT, PFC KEVIN )
STREADWICK, PFC BIANCA RANGER, )
In their Individual and Official capacities, )
)
Defendants. )

**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Comes now, Defendants, by and through their counsel, Marshall, Dennehey, Warner,

Coleman & Goggin, and hereby respond to Plaintiffs' Amended Complaint as follows:

1.  It is specifically denied that in any way, and at any time, Defendants caused or

contributed to the death of Charles Andre Banks.  As to the remainder of the allegations

contained in this paragraph of Plaintiffs' Amended Complaint, no response thereto is required of

Defendants.

**JURISDICTION AND VENUE**

2.  This paragraph of Plaintiffs' Amended Complaint states a legal conclusion to which

no response is necessary by Defendants.

3.  This paragraph of Plaintiffs' Amended Complaint states a legal conclusion to which

no response is necessary by Defendants.

## THE PARTIES

4.   Admitted in part, denied in part.  It is admitted that Charles Andre Banks is deceased. It is specifically denied that in any way Defendants caused or contributed to his death.  As to the remainder of the allegations contained in this paragraph of Plaintiffs' Amended Complaint, denied - Defendants have insufficient knowledge to admit or deny those allegations and therefore must deny same, demanding strict proof thereof at the time of trial.

5.   Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint.

6.   Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint.

7.   Admitted in part, denied in part.  It is admitted that Charles J. Durante, Esq. is an attorney licensed to practice in the State of Delaware.  As to the remainder of the allegations contained in this paragraph of Plaintiffs' Amended Complaint, denied - Defendants have insufficient knowledge to admit or deny those allegations and therefore must deny same, demanding strict proof thereof at the time of trial.

8.   Admitted in part, denied in part.  It is admitted that the City of Dover is a municipal corporation of the State of Delaware, located in Kent County, Delaware.  As to the remainder of the allegations contained in this paragraph of Plaintiffs' Amended Complaint, denied as stated.

9.   Denied as stated.  It is further specifically denied that in any way Defendants caused or contributed to the death of Charles Andre Banks.

## THE FACTS

10. Admitted in part, denied in part.  It is admitted that on April 17, 2005, Charles Andre Banks was in the parking lot of Bay Health Medical Center, a hospital in the City of Dover

(Hospital).  As to the remainder of the allegations contained in this paragraph of Plaintiffs'
Amended Complaint, denied as stated.

11. Denied as stated.

12. Defendants have insufficient knowledge to admit or deny the allegations contained in
this paragraph of Plaintiffs' Amended Complaint.

13. Defendants have insufficient knowledge to admit or deny the allegations contained in
this paragraph of Plaintiffs' Amended Complaint.

14. Defendants have insufficient knowledge to admit or deny the allegations contained in
this paragraph of Plaintiffs' Amended Complaint.

15. Admitted in part, denied in part.  It is admitted that PCP (Phencyclidine) and
Marijuana had been consumed by Charles Andre Banks.  As to the remainder of the allegations
contained in this paragraph of Plaintiffs' Amended Complaint, denied - Defendants have
insufficient knowledge to admit or deny those allegations and therefore must deny same,
demanding strict proof thereof at the time of trial.

16. Denied as stated.

17. Denied as stated.  It is further specifically denied that Defendants acted forcibly and
violently at any relevant time.

18. Denied.

19. Denied as stated.  It is further specifically denied that Defendants acted forcibly and
excessively at any relevant time.

20. Admitted in part, denied in part.  It is admitted that Charles Andre Banks was taken to
the City of Dover Police Station, that he was transported back to the Hospital, and that he died.

As to the remainder of the allegations contained in this paragraph of Plaintiffs' Amended

Complaint, denied as stated.

## COUNT ONE - STATE CREATED DANGER DOCTRINE

21. Denied.

22. Denied.  It is further specifically denied that in any way Defendants caused or

contributed to the death of Charles Andre Banks.

23. Admitted in part, denied in part.  It is admitted that the individual Defendants who

were at the Hospital were acting under color of state law.  As to the remainder of the allegations

contained in this paragraph of Plaintiffs' Amended Complaint, denied.

24. To the extent that this paragraph of Plaintiffs' Amended Complaint states a legal

conclusion, no response thereto is necessary by Defendants.  To the extent that it does not,

denied.

25. Denied.

## COUNT TWO - SUBSTANTIVE DUE PROCESS AND LIBERTY INTERESTS (FAILURE TO PROVIDE MEDICAL CARE)

26. Defendants incorporate by reference paragraphs 1-25 and reassert them as if fully set

forth herein.

27. Denied.  It is further specifically denied that in any way Defendants caused or

contributed to the death of Charles Andre Banks.

## COUNT THREE - FOURTH AMENDMENT - EXCESSIVE FORCE

28. Defendants reassert paragraphs 1-27 and incorporate them as if fully set forth herein.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## COUNT FOUR - FOURTH AMENDMENT - UNREASONABLE SEIZURE

33. Defendants reassert paragraphs 1-32 and incorporate them as if fully set forth herein.

34. Denied.

## COUNT FIVE - FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE

35. Defendants reassert paragraphs 1-34 and incorporate them as if fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## COUNT SIX - WRONGFUL DEATH AND SURVIVAL

42. Defendants reassert paragraphs 1-41 and incorporate them as if fully set forth herein.

43. Denied.  It is further specifically denied that in any way Defendants, including the individual Defendants, caused or contributed to either the alleged pain and suffering, or death, of Charles Andre Banks.

44. Denied.

45. Denied.

46. Denied.  It is further specifically denied that in any way Defendants, including the individual Defendants, caused or contributed to either the alleged physical injury, or death, of Charles Andre Banks.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim for attorney's fees fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

It is denied that Charles Andre Banks experienced any pain and suffering or physical injury whatsoever.  If it is proven, however, such pain and suffering or physical injury was caused by entities, individuals, or things not under Defendants' control.

### FOURTH AFFIRMATIVE DEFENSE

The death of Charles Andre Banks was caused by entities, individuals, or things not under Defendants' control, including Charles Andre Banks.

### FIFTH AFFIRMATIVE DEFENSE

The physical injury alleged pre-existed the incident in Plaintiffs' Amended Complaint or was otherwise not related to the alleged incident.

### SIXTH AFFIRMATIVE DEFENSE

Defendants are entitled to all relevant immunities contained in the Delaware County and Municipal Tort Claims Act.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has shown no valid civil rights violations and therefore has failed to meet the statutory requirements of 42 U.S.C.S. 1981, 1983, 1985, 1986 or 1988.

### EIGHTH AFFIRMATIVE DEFENSE

The individual Defendants assert the defense of qualified immunity as articulated in Harlow v. Fitzgerald, 457 U.S. 800 (1982) and subsequent decisions.

## NINTH AFFIRMATIVE DEFENSE

The individual Defendants assert that they have not clearly violated clearly established law and at all times concerned with this litigation acted in a manner which was proper, reasonable, lawful and in the exercise of good faith and, as such, enjoy not only qualified immunity, but a right not to go to trial as articulated in Mitchell v. Forsyth, 105 S.Ct. 2806 (1985).

## TENTH AFFIRMATIVE DEFENSE

The individual Defendants assert, in the alternative, either that under the facts alleged or to be developed that they were acting individually and within the confines or boundaries of qualified immunity or, alternatively, that to the extent that they are named in their official capacity, those claims should be dismissed. Brandon v. Holt, 469 U.S. 464 (1985); Gregory v. Chechi, 843 F.2d 111 (1988).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages asserted against the individual Defendants in their official capacity is barred by state and federal law. City of Newport v. Fact Concerts, Inc., 101 S.Ct. 2748 (1987).

## TWELFTH AFFIRMATIVE DEFENSE

Even if it judicially determined that the individual Defendants acted negligently and violated clearly established law, they remain immune from the imposition of damages pursuant to Daniels v. Williams, 106 S.Ct. 662 (1986) and Davidson v. Cannon, 106 S.Ct. 668 (1986).

## THIRTEENTH AFFIRMATIVE DEFENSE

It is averred that probable cause existed for the arrest of Charles Andre Banks.

## FOURTEENTH AFFIRMATIVE DEFENSE

Charles Andre Banks was not subjected to the use of excessive force.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants assert all other defenses available to them under the Civil Rights Act of 1871.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's request for punitive damages against Defendant City of Dover is barred by state and federal law.

## SEVENTEETH AFFIRMATIVE DEFENSE

The nature of Charles Andre Banks's arrest was necessary and proper in light of Banks's conduct then existing.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The individual Defendants' acts were necessary and proper under the circumstances then existing.

## NINETEENTH AFFIRMATIVE DEFENSE

The amount of force used by the individual Defendants was necessary and proper under the circumstances then existing.

## TWENTIETH AFFIRMATIVE DEFENSE

Charles Andre Banks was not subjected to acts performed with actual malice.

WHEREFORE, Defendants seek dismissal with prejudice with costs assessed against

Plaintiffs.

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

*/s/ John A. Macconi, Jr.*
DANIEL A. GRIFFITH, ESQ.
Delaware Bar I.D. No. 4209
JOHN A. MACCONI, JR., ESQ.
Delaware Bar I.D. No. 4430
1220 N. Market Street
P.O. Box 8888
Wilmington, DE 19899-8888
(302) 552-4300
*Counsel for Defendants*

Date:  December 19, 2007

15/565247.v1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHEILA LAND, Individually and as Guardian of RAZHON ANDRE BANKS, a minor and Charles J. Durante, Esq., Executor of the Estate of Charles Andre Banks, | ) ) ) ) ) | C.A. No.:  07C-160-UNA |
| Plaintiffs, | ) ) | JURY TRIAL OF SIX DEMANDED |
| v. | ) ) | |
| THE CITY OF DOVER and [JOHN DOES 1-5] PFC ROBERT BARRETT, CPL CARL HUMPHREY, PFC JEFFREY GOTT, PFC KEVIN STREADWICK, PFC BIANCA RANGER, In their Individual and Official capacities, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, John A. Macconi, Jr., hereby certify that on December 19, 2007, a true and correct copy of *Defendants' Answer to Plaintiffs' Amended Complaint*, was forwarded to the below named addressee via electronic filing:

Richard R. Wier, Jr., Esquire
Two Mill Road
Suite 200
Wilmington, DE  19806

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

*/s/ John A. Macconi, Jr.*
JOHN A. MACCONI, JR., ESQ.
Delaware Bar I.D. No. 4430
1220 N. Market Street
P.O. Box 8888
Wilmington, DE 19899-8888
(302) 552-4300
*Counsel for Defendants*

*15/565267.v1*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SHEILA LAND, Individually and as Guardian )
of RAZHON ANDRE BANKS, a minor and )
Charles J. Durante, Esq., Executor of the Estate )
of Charles Andre Banks, )     C.A. No.: 07C-160-UNA
    )
       Plaintiffs, )     JURY TRIAL OF SIX
    )     DEMANDED
    v.     )
    )
THE CITY OF DOVER and [JOHN DOES 1-5] )
<u>PFC ROBERT BARRETT, CPL CARL</u> )
<u>HUMPHREY, PFC JEFFREY GOTT, PFC KEVIN</u> )
<u>STREADWICK, PFC BIANCA RANGER,</u> )
In their Individual and Official capacities, )
    )
       Defendants. )

**<u>CERTIFICATE OF SERVICE</u>**

      I, John A. Macconi, Jr., hereby certify that on December 19, 2007, a true and correct

copy of *Defendants' Answer to Plaintiffs' Amended Complaint*, was forwarded to the below

named addressee via electronic filing:

Richard R. Wier, Jr., Esquire
Two Mill Road
Suite 200
Wilmington, DE 19806

                                  **MARSHALL, DENNEHEY, WARNER,
                                      COLEMAN & GOGGIN**

                                  *<u>/s/ John A. Macconi, Jr.</u>*
                                  JOHN A. MACCONI, JR., ESQ.
                                  Delaware Bar I.D. No. 4430
                                  1220 N. Market Street
                                  P.O. Box 8888
                                  Wilmington, DE 19899-8888
                                  (302) 552-4300
                                  *Counsel for Defendants*

*15/565267.v1*